1 LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 88666)
2 Email: glafayette@lkclaw.com
CHARLIE Y. CHOU (State Bar No. 248369)
3 Email: cchou@lkclaw.com
100 Spear Street, Suite 600
4 San Francisco, California 94105
Telephone: (415) 357-4600
5 Facsimile: (415) 357-4605

6 Attorneys for Defendants
NATIONAL RAILROAD PASSENGER CORPORATION,
7 aka AMTRAK AND WILFRED HUBBARD

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE McKINZY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, also known as AMTRAK, WILFRED HUBBARD, DOES I through X, inclusive,<br><br>　　　　Defendants. | Case No. C10-1866 CW<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL**<br><br>Judge:　　Hon. Claudia Wilken<br>Date:　　December 23, 2010<br>Time:　　2:00 p.m.<br>Courtroom:　No. 2, 4th Floor |

## NOTICE OF MOTION

TO THE COURT, ALL PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 23, 2010, at 2:00 p.m., before the Honorable Claudia Wilken, at the United States Courthouse at 1301 Clay Street, Oakland, CA 94612, Defendants will and hereby do move the Court for an order striking Plaintiff's Demand for Jury Trial as untimely pursuant to Rule 81(c) of the Federal Rules of Civil Procedure.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, and the Declaration of Charlie Y. Chou filed herewith.

DATED: November 18, 2010          LAFAYETTE & KUMAGAI LLP

*/s/ Charlie Y. Chou*
CHARLIE Y. CHOU
Attorneys for Defendants
NATIONAL RAILROAD PASSENGER
CORPORATION, aka AMTRAK AND WILFRED
HUBBARD

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant National Railroad Passenger Corporation ("Amtrak") and Wilfred Hubbard (collectively "Defendants") hereby motion the Court to strike Plaintiff Diane McKinzy's ("Plaintiff") Demand for Jury Trial (Dkt. No. 16) as untimely.

### Statement of Facts

On December 18, 2009 Plaintiffs filed this case's underlying Complaint in California Superior Court. Dkt. No. 1, Ex. A. Plaintiff's Complaint did not request a jury trial. *Id.* Amtrak filed and served its answer to Plaintiff's complaint in state court and properly removed this case to Federal Court on April 30, 2010. *See* Dkt. No. 1 and Dkt. No. 1, Ex. B. Thus, at the time of removal, all necessary pleadings had been filed and served. Plaintiff was served with the Notice to Adverse Party of Removal to Federal Court ("Notice of Removal") on April 30, 2010. Dkt. No. 3. During the parties' Initial Case Management Conference on September 28, 2010, the Court noted that Plaintiff had likely waived her right to a jury trial and that Defendants would be permitted to bring a motion seeking to enforce this waiver. The Declaration of Charlie Y. Chou ("Chou Decl."), ¶ 2. On October 8, 2010, Plaintiff filed a Demand for Jury Trial. Dkt. No. 16.

### Arguments

As explained in detail below, it is undisputed that Plaintiff did not make an express jury trial demand either before removal or within 14 days of being served with the notice of removal. As such, Plaintiff's demand for a jury trial is untimely and should be stricken.

### I. Plaintiff Has Waived Her Right To A Jury Trial.

If a jury was demanded by either party in state court prior to removal, the demand need not be renewed. Fed.R.Civ.P. 81(c)(3). Otherwise, an express jury demand must be filed in the federal district court after removal, in accordance with the federal rules governing jury demands. *See Wave House Belmont Park, LLC v. Travelers Prop. Cas. Co. of America*, 244 F.R.D. 608, 609-610 (S.D.Cal., August, 9, 2007). In cases removed from state court, if the initial pleadings (complaint and answer) were served and filed at the time of removal, a demand for jury trial in federal court must be filed by Plaintiff within 14 days after the Notice of Removal was served

upon her.[1] Fed.R.Civ.P. 81(c)(3). The failure of a party to make a timely demand for a jury trial constitutes a waiver of the right. Rules 38(d) and 81(c)(3).

Notwithstanding the failure of a party to demand a jury within the 14-day period, the court in its discretion upon motion may order a trial by a jury. Rule 39(b). In the Ninth Circuit, the court's discretion "is narrowly construed and 'does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence.'" *Shoals v. Home Depot, Inc.*, 422 F.Supp.2d 1183, 1192 (E.D.Cal. 2006) (quoting *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001)); *see Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086-87 (9th Cir. 2002) (striking untimely jury demand of *pro se* plaintiff who was not aware of the time limit).

### a. Plaintiff Failed To Make A Jury Demand Prior To Removal.

On December 18, 2009 Plaintiffs filed this case's underlying Complaint in California Superior Court. Dkt. No. 1, Ex. A. It is undisputed that Plaintiff's Complaint did not request a jury trial. *Id.* Amtrak filed its answer to Plaintiff's complaint in state court and properly removed this case to Federal Court on April 30, 2010. *See* Dkt. No. 1 and Dkt. No. 1, Ex. B. Between December 18, 2009 (filing date of Complaint) and April 30, 2010 (removal to Federal Court) Plaintiff did not make a demand for a jury trial. Chou Decl., ¶ 3. Thus, it is undisputed that Plaintiff failed to make and thus preserve a demand for a jury trial while this case was still pending in state court.

### b. No Jury Demand Within 14 Days Of Being Served With The Notice Of Removal.

Amtrak filed and served its answer to Plaintiff's complaint in state court and properly removed this case to Federal Court on April 30, 2010. *See* Dkt. No. 1 and Dkt. No. 1, Ex. B.

---

[1] Rule 81(c) (3)(A) recognizes an exception to the fourteen day limitation, stating: "[a] party, who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time." Fed.R.Civ.P. 81(c)(3)(A). However, the Ninth Circuit has held that because California is a state where an "express demand" is required, the exception in Rule 81(c)(3)(A) does not apply to cases removed from a California court. *See Lewis v. Time, Inc.*, 710 F.2d 549, 556 (9th Cir. 1983) (holding California requires an express demand, and "[t]herefore, F.R.Civ.P. 38(d), made applicable by Rule 81(c), required Lewis to file a demand "not later than [14] days after the service of the last pleading directed to such issue [to be tried.]"); *Ward v. Sunrise Assisted Living Investments, Inc.*, 2006 WL 37030, *1 (N.D.Cal., January 5, 2006).4

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL
Case No. C10-1866 CW

Thus, at the time of removal, all necessary pleadings had been filed and served. Plaintiff was served with the Notice of Removal on April 30, 2010. Dkt. No. 3. Moreover, as shown above, Plaintiff did not request a jury trial prior to removal. Thus, under Rules 81(c)(3)(B)(ii) and 6(d) of the Federal Rules of Civil Procedure, Plaintiff had until May 17, 2010 to properly file and serve a written demand for a jury trial.

It is undisputed that the first time Plaintiff made a demand for a jury trial was on October 8, 2010. Dkt. No. 16. Thus, Plaintiff, by failing to demand a trial by jury within the timeline prescribed by Rule 81(c)(3) and without a showing of good cause for said deficiency,[2] effectively waived her right to a jury trial in this case. *See Pacific Fisheries Corp.*, 239 F.3d at 1002-03 (9th Cir. 2001) ("An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown."); *Kletzelman v. Capistrano Unified School Dist.*, 91 F.3d 68, 71 (9th Cir. 1995) (affirming denial of untimely jury demand filed less than one month late); *Chandler Supply Co. v. GAF Corp.*, 650 F.2d 983, 987-88 (9th Cir. 1980) (the district court's striking an untimely jury demand where counsel attributed the delay to being "swamped with other work" and delegating the drafting of the complaint to an associate); *Rumps v. Phillips Lifeline*, 2009 WL 3320266, *1-*2 (N.D.Cal., October 8, 2009); *Mastec North America, Inc. v. Comcast Cable Communications Management, LLC*, 2009 WL 1690519, *1 (N.D.Cal., June 16, 2009); *Marcotte v. Allstate Indemnity Co.*, 2006 WL 870692, *3 (N.D.Cal., April 3, 2006); *Sunrise Assisted Living Investments, Inc.*, 2006 WL 37030, *2-*3; *Wave House Belmont Park, LLC*, 244 F.R.D. at 613.

//
//
//
//
//

---

[2] Plaintiff did not enter into pro se status until August 5, 2010. In other words, from April 30, 2009 (the date Plaintiff was served with the Notice of Removal) until May 17, 2010 (end of Rule 81(c)(3)(B)(ii)'s 14 day period), Plaintiff was represented by an attorney.

## Conclusion

Based on the foregoing, Defendants respectfully request that Plaintiff's Demand for Jury Trial (Dkt. No. 16) be stricken as untimely.

DATED: November 18, 2010                    LAFAYETTE & KUMAGAI LLP

                                            /s/ Charlie J. Chou
                                            _____
                                            CHARLIE Y. CHOU
                                            Attorneys for Defendants
                                            NATIONAL RAILROAD PASSENGER
                                            CORPORATION, aka AMTRAK AND WILFRED
                                            HUBBARD

AMT\McKin\Pldg\Mtn to Strike Plaintiff's Demand for Jury Trial

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

# PROOF OF SERVICE

I declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Spear Street, Suite 600, San Francisco, California 94105.

On November 18, 2010, I served the following documents named below on the parties in this action as follows:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL**

**X** (BY MAIL) I caused each and such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

____ (BY PERSONAL SERVICE) I caused to be personally served each document listed above on the addressee(s) noted below.

____ (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below

____ (BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each such envelope to the addressee(s) noted below.

Diane McKinzy, In Per Se
1304 Crestfield Drive
San Ramon, California 94583

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on   November 18, 2010   , at San Francisco, California.

_____
Tahlise M. Hines

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL
Case No. C10-1866 CW