IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DIANE McKINZY,

      Plaintiff,

vs.

NATIONAL RAILROAD PASSENGER
CORPORATION, also known as
AMTRAK; WILFRED HUBBARD; DOES I
through X, inclusive,

      Defendants,

_____/

No. 10-cv-01866 CW

ORDER GRANTING
DEFENDANTS'
MOTIONS FOR AN
EXTENSION OF TIME
AND TO STRIKE
PLAINTIFF'S DEMAND
FOR A JURY TRIAL.
(Docket Nos. 21 &
23)

    Plaintiff, Diane McKinzy, who is now proceeding pro se, initiated her civil suit, with counsel, alleging employment harassment and discrimination, in San Francisco County Superior Court on December 18, 2009.  Subsequently Defendants removed the case to federal court.

    Defendants moved for an extension of time for Defendant Hubbard to answer Plaintiff's complaint.  Docket No. 21. Plaintiff does not object to Defendants' motion.  Thus, the Court GRANTS the extension.  Defendant Hubbard has now filed his answer.

United States District Court
For the Northern District of California

In addition, Defendants have moved to strike Plaintiff's demand for a jury trial, filed on October 8, 2010.  Docket No. 23. Federal Rule of Civil Procedure Rule 81(c)(3) requires that a party who has not expressly demanded a jury trial in accordance with state law must serve a demand for a jury trial within fourteen days after the action has been removed to federal court. A party waives a jury trial unless its demand is properly served and filed.  Fed. R. Civ. P. 38(d).

Notwithstanding the failure of a party to demand a jury within the fourteen day period, the court in its discretion upon motion may order a trial by jury.  Fed. R. Civ. P. 39(b).  In the Ninth Circuit, the court's discretion "is narrow, however, and does not permit a court to grant relief when the failure to make a timely demand results from oversight or inadvertence." Lewis v. Time Inc., 710 F.2d 549, 556 (9th Cir. 1983), abrogated on other grounds by Unelko Corp. v. Rooney, 912 F.2d 1049, 1052-53 (9th Cir. 1990).  In Zivkovic v. Southern California Edison Company, the Ninth Circuit held that a pro se plaintiff's "good faith mistake as to the deadline for demanding a jury trial establishes no more than inadvertence, which is not a sufficient basis to grant relief from an untimely jury demand."  302 F.3d 1080, 1087 (9th Cir. 2002).

In the present case, the action was removed to federal court on April 30, 2010.  At the time Plaintiff was represented by counsel.  Plaintiff filed her demand for a jury trial on October 8, 2010.  Plaintiff filed no opposition to Defendants' motion to strike her jury demand.  Because the Court's discretion to grant a jury trial despite an untimely application is limited, and pro se

litigants are bound by the rules of procedure, though courts construe pleadings liberally in their favor, <u>Ghazali v. Moran</u>, 46 F.3d 52, 54 (9th Cir. 1995), the Court GRANTS Defendants' motion.

IT IS SO ORDERED.



Dated: 12/20/2010

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California