1
2
3
4
5
6
7
8

**UNITED STATES  DISTRICT COURT**

9

Northern District of California

10

Oakland Division

11

DIANE MCKINZY,                              No. C 10-01866 CW (LB)

12

               Plaintiff,

v.                                          **NOTICE OF REFERRAL AND
ORDER RE DISCOVERY
PROCEDURES**

13

NATIONAL RAILROAD PASSENGER
CORPORATION, *et al.*,

14

15

               Defendants.

[ECF Nos. 42 and 43]]

16

_____/

17

TO ALL PARTIES AND COUNSEL OF RECORD:

18

    The district court has referred Plaintiff Diane McKinzy's motion to compel and motion to

19

shorten time, electronically filed on June 15, 2011 at ECF Nos. 42 and 43, which are discovery

20

matters, to United States Magistrate Judge Laurel Beeler.  ECF No. 45.  In its referral order, the

21

district court vacated the hearing date for the motion.  *Id.*

22

    The court **DENIES** the pending discovery motions without prejudice and directs the parties to

23

comply with the procedures for addressing discovery disputes set forth in Judge Beeler's standing

24

order (attached).  Those procedures require, among other things, that if a meet-and-confer by other

25

means does not resolve the parties' dispute, lead counsel for the parties must meet and confer **in**

26

**person**.  If that procedure does not resolve the disagreement, the parties must file a joint letter

27

instead of a formal motion.  After reviewing the joint letter, the court will evaluate whether further

28

proceedings are necessary, including any further briefing or argument.

    Given the timing issues, the court supplements and modifies its standing order.  The court orders

*Left margin:* **UNITED STATES DISTRICT COURT**
For the Northern District of California

the parties to complete the meet-and-confer process by June 27, 2011. If the parties decide to file a joint letter, the joint letter shall be submitted by July 1, 2011. *Cf.* Local Rule 37-3 (requiring any motion to compel to be filed within 7 days of the close of discovery).

In the interests of facilitating a productive meet-and-confer session, the court offers the following guidance. First, the court liberally construes the filings and motions of pro se litigants. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). Second, the Federal Rules of Civil Procedure provide for liberal discovery. Fed. R. Civ. P. 26(b)(1). Third, despite a constitutionally-based right of privacy that may be raised in response to discovery requests, personnel files may be discoverable. *See Kerr v. United States District Court*, 511 F.2d 192, 197 (9th Cir. 1975); *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995); *E.E.O.C. v. County of San Benito*, 818 F.Supp. 289, 291 (N.D. Cal. 1993) (ordering county to produce documents relevant to investigation of sex discrimination charges). In this context, a properly drafted protective order may address concerns about privacy. *See Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995). Fourth, boilerplate, generalized objections are inadequate. *See Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

The court also attaches the Northern District of California's Handbook for Litigants without a Lawyer.

This disposes of ECF Nos. 42 and 43.

**IT IS SO ORDERED.**

Dated: June 22, 2011

LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California